**George HAIRSTON, Jr.,**
**Plaintiff–Appellant,**

v.

**ARMSTRONG AIR CONDITIONING,**
**INC., Defendant–Appellee.**

No. 00–3343.

United States Court of Appeals,
Sixth Circuit.

Sept. 6, 2001.

Before BOGGS, DAUGHTREY, and

FARRIS,* Circuit Judges.

PER CURIAM.

George Hairston, Jr., an Ohio citizen, appeals the final judgment for defendants in an employment discrimination action brought under Title VII and largely parallel provisions of Ohio law. We affirm.

### Standard of Review

We review *de novo* the district court's grant of summary judgment. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 578 (6th Cir. 1992). We review for abuse of discretion the district court's denial of Hairston's motion for leave to file an amended complaint. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir.1992).

### Timeliness of Title VII Claims

Hairston contends that the district court erred by concluding that his Title VII claims were not timely filed after his receipt of the EEOC right-to-sue letter. This contention is correct, under Sixth Circuit precedent. *See Graham–Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 557–58 (6th Cir.2000). Although the Supreme Court has held in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 & n. 2, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), that timeliness may be computed by adding *three days* for mailing to the authorized period, the Supreme Court did not affirmatively hold that no longer period was permissible. *Graham–Humphreys* and the cases cited therein all occurred after *Baldwin County* was decided, and have considered the effect of that case. These cases are therefore binding law in the Sixth Circuit, and we are not free to alter the rule laid down there. Thus, Hairston's filing should have been

treated as timely with respect to his Title VII claims. However, for the same reasons that Hairston's state-law discrimination claims were properly rejected, his Title VII claims were properly rejected as well.

### Supplemental Jurisdiction

█ Hairston argues that the district court erred by exercising its supplemental jurisdiction over his state-law discrimination claims after it dismissed his federal claims. At the time of the dismissal of the federal claims, discovery had been completed and several conferences had been conducted with the parties. There is nothing in the record to even suggest that the district court abused its discretion by determining that interests of fairness and judicial economy called for its exercise of supplemental jurisdiction over Hairston's state-law claims. *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir.1996).

### State-law Discrimination Claims

Hairston contends that the district court erred by 1) concluding that the same analysis applies to discrimination claims brought under Ohio Rev.Code § 4112.02 as applies to discrimination claims brought under Title VII; and 2) improperly granting summary judgment to Armstrong on these claims. Neither of these contentions has merit.

█ Hairston contends as a preliminary matter that the district court erred by applying a Title VII analysis to his claims brought under Ohio Rev.Code § 4112.02. We reject the argument. The Ohio Supreme Court has held that the same general analysis applies to both Title VII

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

claims and discrimination claims brought under Ohio Rev.Code § 4112.02. *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n,* 66 Ohio St.2d 192, 421 N.E.2d 128, 131 (1981).

Hairston further contends that the district court erred by granting Armstrong's summary judgment motion regarding his state-law discrimination claims under Ohio Rev.Code § 4112.02. Hairston is unable to point to any evidence supporting these claims. Instead, he relies upon his own conclusory statements. *Mitchell,* 964 F.2d at 585. We therefore reject the argument.

 Finally, Hairston contends that the district court erred by denying his motion for leave to file an amended complaint. The record reflects no explanation for his delay in filing the motion. Further, the proposed amendment named three new defendants. *Caldwell,* 968 F.2d at 599.

**AFFIRMED.**